UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF PRISONS,<br><br>        Defendants. | Civil Action No. 25-cv-6924<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1.    On Friday, December 29, 2023, John Doe[1], a 19-year-old young man, was transferred from Rikers Island to the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

2.    Notwithstanding Mr. Doe's numerous risk factors for suicide and self-harm, including his age, language barrier, new admission status, lack of criminal history, and mental health history, MDC staff failed to recognize his risk of suicide and failed even to refer him for a psychological evaluation upon his arrival at the MDC.

3.    Instead, Mr. Doe was placed in a cell at the MDC and kept on lockdown for 23 hours every day.  From December 29, 2023 through January 1, 2024, Mr. Doe was let out of his cell for only 1 hour each day.

4.    On January 1, 2024, suffering from untreated mental illness and unable to bear the ongoing isolation, lockdown, and lack of contact with his family, Mr. Doe decided to try to kill

---

[1] Plaintiff has withheld Mr. Doe's identity in light of the confidential medical information contained in this complaint.  Mr. Doe's name is referenced in the FOIA request made to BOP.

1

himself.

5. On January 1, 2024, at approximately 8:00 a.m., during the one hour outside of his cell, Mr. Doe climbed to the second floor of housing unit G-41, stood at the railing, and stared at the first floor beneath him.

6. Mr. Doe's cell was not on the second floor of unit G-41, and he therefore had no reason to be on the second floor. Notwithstanding, not a single MDC corrections officer asked Mr. Doe to leave, responded to the scene, or took any action to assist him.

7. After staring over the railing, Mr. Doe climbed over the railing and jumped, landing on his head on the floor beneath him.

8. Mr. Doe was transported to NYU-Langone hospital in Brooklyn, where he underwent immediate emergency surgery.

9. As a result of his suicide attempt, Mr. Doe is quadriplegic and is permanently paralyzed in his arms and legs.

10. Mr. Doe requires around-the-clock medical care and assistance, which he receives in a hospital facility where he currently lives and will require such care for the rest of his life.

11. Mr. Doe and his family are looking for answers as to why the MDC failed to provide him with any mental health treatment and why not a single MDC corrections officer intervened or sought to prevent Mr. Doe from climbing over the railing and jumping from a second-floor platform.

12. To that end, Mr. Doe has retained counsel, Plaintiff Emery Celli Brinckerhoff Abady Ward & Maazel, to investigate Mr. Doe's suicide attempt.

13. On July 23, 2024, Plaintiff sent the Federal Bureau of Prisons ("BOP") a Freedom of Information Act ("FOIA") request, seeking several categories of documents, including: (i) Mr.

Doe's full and complete medical record, including but not limited to, information about his mental health treatment; (ii) all documents, records, and files relating to Mr. Doe; (iii) any and all medical and mental health screenings conducted of Mr. Doe at MDC; (iv) any and all versions of the BP-A0519 Psychology Services Inmate Questionnaire (PSIQ) completed by Mr. Doe; (v) any and all photographs, surveillance video, or CCTV footage recorded at MDC depicting Mr. Doe on January 1, 2024; and (vi) any and all communication sent or received by a BOP employee concerning Mr. Doe.

14. On July 29, 2024, Plaintiff received an email from the FOIA Staff at BOP indicating that the July 23, 2024 Request had been placed on the "complex track," and that Plaintiff could "narrow the scope of [its] request" to "speed up [BOP's] process."

15. On August 2, 2024, in response to this email, Plaintiff sent BOP a letter seeking prioritization of two categories of records listed in the July 23, 2024 Request: (i) any and all versions of the BP-A0519 Psychology Services Inmate Questionnaire (PSIQ) completed by Mr. Doe and (ii) any and all photographs, surveillance video, or CCTV footage recorded at MDC depicting Mr. Doe on January 1, 2024.  Plaintiff's August 2, 2024 letter makes clear that Plaintiff's request for the prioritization of two categories of records is not intended to waive the request for the remaining records listed in its July 23, 2024 Request.

16. On August 15, 2024, Plaintiff received a response from the Office of the General Counsel at BOP, stating that its anticipated date of completion for the request was April 23, 2025.

17. BOP produced no records by the April 23, 2025 deadline.

3

18. On May 5, 2025, following Plaintiff's inquiry on the status of its FOIA request, Plaintiff received a response from a Supervisory Government Information Specialist, stating that its new anticipated date of completion for the request was August 5, 2025.

19. BOP produced no records by the August 5, 2025 deadline, and Plaintiff has received no records to date.

20. Mr. Doe has patiently waited for *over one year* for any records from BOP. He has received nothing.

21. The public, including Mr. Doe and Plaintiff, have a right to know the circumstances under which Mr. Doe was driven to and allowed to attempt suicide in federal custody. With this case, Plaintiff seeks to vindicate its own rights, Mr. Doe's rights, and the public's rights to government transparency under FOIA.

## JURISDICTION AND VENUE

22. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

23. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in this district.

## PARTIES

24. Plaintiff Emery Celli Brinckerhoff Abady Ward & Maazel LLP is a law firm with its principal place of business in New York County, New York. Mr. Doe retained Plaintiff on September 12, 2024 to investigate the circumstances surrounding his suicide attempt.

25. Defendant Department of Justice ("DOJ") is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession and control over some or all of the requested records.

26.     Defendant BOP is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  BOP has possession and control over some or all of the requested records.

## STATEMENT OF FACTS

27.     On or about December 22, 2023, Mr. Doe was arrested and detained at Rikers Island.

28.     Mr. Doe had no criminal history prior to his arrest.  He was 19 years old.

29.     On or about Friday, December 29, 2023, Mr. Doe was transferred from Rikers Island to the MDC in Brooklyn, New York.

30.     On information and belief, the MDC was understaffed with fewer than normal correction officers from December 29, 2023 through January 1, 2024 because of the holiday weekend.

### *BOP Failed to Immediately Identify Mr. Doe as a Suicide Risk*

31.     During his intake at the MDC, Mr. Doe presented several well-known suicide or self-harm risk factors, including age, language barrier, new admission status, unfamiliarity with the prison environment, and lack of criminal history.

32.     Despite these risk factors, the intake staff at the MDC failed to recognize Mr. Doe's risk of suicide or self-harm, failed to refer Mr. Doe to Psychological Services for a mental health assessment, and failed to otherwise provide any mental health support during his four days at the MDC.

33.     This is a consistent and recurring failure at the MDC during the intake process. The Office of Inspector General's Evaluation of Issues Surrounding Inmate Deaths in Federal Bureau of Prisons Institutions, dated February 2024, highlighted BOP's "failure to complete sufficient inmate intake assessments and Suicide Risk Assessments" as a significant BOP

deficiency.[2]

34. Rather than refer Mr. Doe for a mental health assessment or provide mental health support, MDC staff assigned Mr. Doe to the general population.

35. Mr. Doe was kept on lockdown for 23 hours every day from December 29, 2023 through January 1, 2024 and let out of his cell for only 1 hour each day.

36. Mr. Doe could not speak to any corrections officers or incarcerated people at the MDC from December 29, 2023 through January 1, 2024 because he did not know who, if anyone, spoke Spanish.

37. Mr. Doe was unable to contact his family during his four days at the MDC because he did not know their phone numbers from memory.

38. Despite suffering from depression and other mental health conditions, and presenting risk factors for suicide and self-harm, Mr. Doe received no mental health treatment or support while at the MDC.

39. As a result of BOP's unreasonable failure to recognize Mr. Doe's inherent vulnerability and known risk factors, Mr. Doe psychologically deteriorated and became suicidal within days at the MDC.

***Struggling with Untreated Mental Illness, Mr. Doe Attempts Suicide***

40. On January 1, 2024, Mr. Doe, who was battling untreated mental illness and unable to communicate with anyone in the prison or his family, decided to try to kill himself.

41. On January 1, 2024, at approximately 8:00 a.m., during his one hour outside of his cell, Mr. Doe climbed to the second floor of housing unit G-41 at MDC.

42. The second floor of unit G-41 consists solely of individual cells and does not

---

[2] *Evaluation of Issues Surrounding Inmate Deaths in Federal Bureau of Prisons Institutions:* Evaluation and Inspections Division, 24-041, https://oig.justice.gov/sites/default/files/reports/24-041.pdf (February 2024).

include any communal areas.

43. Mr. Doe's cell was not on the second floor of unit G-41, and he therefore had no reason to be on the second floor.

44. After climbing to the second floor of the housing unit, Mr. Doe stood against the railing and looked down at the first floor.

45. Not a single MDC corrections officer intervened, or asked Mr. Doe to leave the second floor or to step back from the railing.

46. After staring at the floor beneath him, Mr. Doe climbed over the second-floor railing.

47. Not a single corrections officer at MDC intervened to stop Mr. Doe from climbing over the railing.

48. After climbing over the railing, Mr. Doe jumped off the second floor ledge.

49. Mr. Doe landed on the first floor on his head.

50. Mr. Doe was transported to NYU-Langone Hospital in Brooklyn via ambulance, where he underwent emergency surgery.

51. As a result of his suicide attempt, Mr. Doe is quadriplegic and has paralysis in his arms and legs.

52. Mr. Doe requires around-the-clock medical care and is dependent on medical staff for all Activities of Daily Living.

### BOP's Failure to Timely Respond to Plaintiff's FOIA Request

53. FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*,

489 U.S. 749, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

54. On July 23, 2024, Plaintiff submitted a FOIA request ("the July 23, 2024 request") via email to BOP seeking disclosure of: (i) Mr. Doe's full and complete medical record, including but not limited to, information about his mental health treatment; (ii) all documents, records, and files relating to Mr. Doe; (iii) any and all medical and mental health screenings conducted of Mr. Doe at MDC; (iv) any and all versions of the BP-A0519 Psychology Services Inmate Questionnaire (PSIQ) completed by Mr. Doe; (v) any and all photographs, surveillance video, or CCTV footage recorded at MDC depicting Mr. Doe on January 1, 2024; and (vi) any and all communication sent or received by a BOP employee concerning Mr. Doe.[3]

55. Along with the July 23, 2024 Request, Plaintiff enclosed (i) an Authorization executed by Mr. Doe to disclose information relating to him in the possession of the Bureau of Prisons; (ii) a Declaration from Hannah Brudney, an attorney at Emery Celli Brinckerhoff Abady Ward & Maazel LLP, regarding Mr. Doe's Authorization; and (iii) a letter from the Director of Social Services at the Phoenix Center for Rehabilitation, regarding Mr. Doe's medical condition.

56. On July 29, 2024, Plaintiff received an email from FOIA Staff at BOP acknowledging receipt of the July 23, 2024 Request and assigning Plaintiff's FOIA Request tracking number 2024-04685 (the "July 29, 2024 Email").[4]

57. The July 29, 2024 Email explained that Plaintiff's July 23, 2024 Request had been assigned to the "complex track" and explained that, "in an effort to speed up [BOP's] process,"

---

[3] A copy of Plaintiff's July 23, 2024 FOIA request is attached as Exhibit A to the Declaration of Katherine Rosenfeld.

[4] A copy of the July 29, 2024 Email is attached as Exhibit B to the Declaration of Katherine Rosenfeld.

Plaintiff could "narrow the scope of [its] request to limit the number of potentially responsive records so it can be placed in a different processing track."

58. On August 2, 2024, in response to the July 29, 2024 Email, Plaintiff submitted a letter requesting prioritization of two categories of records contained in its July 23, 2024 Request: (i) any and all versions of the BP-A0519 Psychology Services Inmate Questionnaire (PSIQ) completed by Mr. Doe, and (ii) any and all photographs, surveillance video, or CCTV footage recorded at MDC depicting Mr. Doe on January 1, 2024 (the "August 2, 2024 Letter").[5]

59. The August 2, 2024 Letter makes clear that Plaintiff's request for prioritization of two categories of records is not intended to waive the request for the remaining records listed in the initial July 23, 2024 Request.

60. On August 15, 2024, Plaintiff received a response from S. Arellano, a Government Information Specialist in the Office of the General Counsel at BOP, indicating that the anticipated date of completion for the request was April 23, 2025 (the "August 15, 2024 Email").[6]

61. BOP produced no records by the April 23, 2025 deadline.

62. On May 5, 2025, following Plaintiff's inquiry regarding the status of the records, Plaintiff received a response from P. Wilcott, on behalf of Kara Christenson, a Supervisory Government Information Specialist, stating that BOP's anticipated date of completion was August 5, 2025 (the "May 5, 2025 Email").[7]

63. BOP produced no records by the August 5, 2025 deadline.

64. Plaintiff has received no records to date.

---

[5] A copy of the August 2, 2024 Letter is attached as Exhibit C to the Declaration of Katherine Rosenfeld.
[6] A copy of the August 15, 2024 Email is attached as Exhibit D to the Declaration of Katherine Rosenfeld.
[7] A copy of the May 5, 2025 Email is attached as Exhibit E to the Declaration of Katherine Rosenfeld.

**A. BOP Failed to Make a Timely Determination Regarding Plaintiff's Request**

65. Under FOIA, once an agency receives a FOIA request, it must determine whether to comply with the request and notify the requester of this determination within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i) ("Each agency, upon any request for records . . . shall determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . .").

66. In order to make such a determination, the agency must at least: "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

67. An agency may extend the default twenty business day timeline for this determination by ten business days if "unusual circumstances" delay the agency's ability to collect and examine the responsive documents. 5 U.S.C. § 552(a)(6)(B). In order to extend this deadline, the agency must notify the requester in writing of the reasons for its delay. *Id*.

68. To the extent that BOP's July 29, 2024 Email establishes such "unusual circumstances," BOP had until September 4, 2024 to make its initial determination regarding the July 23, 2024 Request.

69. BOP failed to make a determination regarding the July 23, 2024 Request by September 4, 2024.

70. Instead, on August 15, 2024, BOP indicated that its "anticipated date of completion" was April 23, 2025.

10

71. To date, BOP appears not to have made a determination regarding Plaintiff's July 23, 2024 FOIA Request.

72. Due to BOP's failure to make a determination regarding Plaintiff's request within the required timeframe, Plaintiff "shall be deemed to have exhausted [its] administrative remedies," rendering this civil complaint ripe for review. 5 U.S.C. § 552(a)(6)(C)(i).

### B. To the Extent BOP Made an Initial Determination Regarding Plaintiff's Request, it Failed to Make Records Promptly Available

73. Once an agency has made a determination to comply with a request, FOIA requires that the agency make non-exempt records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A).

74. "Promptly available" typically means an agency makes records available within days or a few weeks of a determination, not month or years. *See Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 188 (*citing* 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i)).

75. To the extent that either BOP's July 29, 2024 Email or its August 15, 2025 Email constituted a determination to comply with Plaintiff's July 23, 2024 Request, BOP failed to make the requested records promptly available as required under 5 U.S.C. § 552(a)(3)(A).

76. It has been over one year since Plaintiff's July 23, 2024 FOIA Request, and BOP has produced no records.

77. Due to BOP's failure to make the requested records promptly available as required under 5 U.S.C. § 552(a)(3)(A), Plaintiff "shall be deemed to have exhausted [its] administrative remedies," rendering this civil complaint ripe for review. 5 U.S.C. § 552(a)(6)(C)(i).

**FIRST CAUSE OF ACTION**
Violation of FOIA for Failure to Timely Release Responsive Records

78. Plaintiff repeats, realleges, and incorporates the foregoing paragraphs as if set forth herein.

79. DOJ is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore has an obligation to timely disclose all responsive records not subject to a specific exemption.

80. BOP is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore has an obligation to timely disclose all responsive records not subject to a specific exemption.

81. DOJ's and BOP's failure to (i) make an initial determination regarding Plaintiff's Request within the statutory timeframe and/or (ii) make non-exempt responsive records "promptly available" within applicable time limits demonstrates that the Defendant agency constructively denied the July 23, 2024 Request in full, in violation of FOIA. 5 U.S.C. § 552(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the records sought by the July 23, 2024 Request are public records pursuant to 5 U.S.C. § 552 and that the records must be disclosed;

B. Order DOJ and BOP to immediately provide those records to Plaintiff, including electronic copies of records stored in electronic format, within twenty business days of the Court's Order;

C. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as authorized by FOIA; and

D. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 21, 2025
      New York, New York

                                        Respectfully submitted,

                                        */s/ Katherine Rosenfeld*
                                        Katherine Rosenfeld
                                        Hannah Brudney

                                        EMERY CELLI BRINCKERHOFF ABADY
                                        WARD & MAAZEL LLP
                                        One Rockefeller Plaza, 8th Floor
                                        New York, New York 10020
                                        Tel.: (212) 763-5000
                                        krosenfeld@ecbawm.com
                                        hbrudney@ecbawm.com

                                        *Attorneys for Plaintiff*

13